# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Source Technology Biologicals, Inc., a Minnesota corporation d/b/a Phyton Corporation | Court File No. 08cv5193 DSD/FLN |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Biosafe Systems, LLC, | |
| Defendant. | |

Plaintiff Source Technology Biologicals, Inc., a Minnesota corporation d/b/a Phyton Corporation ("Phyton") for its Complaint for declaratory relief, states and alleges as follows:

1. This action for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure is brought for the purpose of determining a question of actual controversy between the parties as described below. Defendant Biosafe Systems, LLC of 22 Meadow Street, East Hartford, Connecticut 06108 has declared its intention to commence litigation against Phyton as a result of Phyton's use of the trademark XEROTON-3. Defendant has declared that intention in its counsel's June 26, 2008 letter to Phyton alleging, among other things, intentional misappropriation, trademark infringement damages, unfair trade practices, dilution, false advertising and trademark counterfeiting. (A true and correct copy of June 26, 2008 letter is attached hereto as Exhibit A). Moreover, the letter asserts Phyton's officers are personally liable

SCANNED
SEP 16 2008
U.S. DISTRICT COURT MPLS

to Defendant for its use of the XEROTON-3 mark. Phyton seeks a declaration, in advance of threatened commencement of suit by Defendant, that Defendant's claims are without merit and that Phyton is not liable to the Defendant for its myriad of alleged causes of action, including trademark infringement, unfair trade practices, counterfeiting false advertising and trademark dilution.

## THE PARTIES

2. Plaintiff Phyton is a Minnesota corporation with its principal place of business at 5608 International Parkway, New Hope, Minnesota 55428. Phyton has been a manufacturer and distributor of fungicides for commercial use for approximately 25 years, particularly under the mark PHYTON-27.

3. Defendant is, upon information and belief, an entity organized under the laws of Connecticut with a principal place of business at 22 Meadow Street, East Hartford, Connecticut 06108. Upon information and belief, Defendant manufactures and distributes chemical products, including a fungicide sold under the mark ZEROTOL.

## JURISDICTION AND VENUE

4. This action for declaratory judgment is brought to determine rights under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) on the grounds that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## STATEMENT OF THE CASE

6. Upon information and belief, Defendant obtained a registration in the mark ZEROTOL from the U.S. Patent and Trademark Office ("USPTO") on or about October 30, 2001 for "broad spectrum algaecide/fungicide," alleging first use in 1998. (U.S. Reg. No. 2,502,201).

7. Defendant sells its ZEROTOL products in red and gray packaging with a leaf design. Defendant advertises that its ZEROTOL product has a "zero hour REI," a functional feature of multiple fungicides sold to commercial growers of agricultural products. (A true and correct copy of a page from Defendant's website www.biosafesystems.com is attached hereto as Exhibit B).

8. On or about January 24, 2008, Plaintiff Phyton filed a trademark application to register the trademark XEROTON-3 with the USPTO for "insecticides, pesticides, fungicides and disinfectants for home and garden use and for agricultural and professional use." Phyton's application for XEROTON-3 was examined by the USPTO and approved for publication, without any objections on June 17, 2008.

9. Phyton has used the mark XEROTON-3 in commerce to identify its new commercial agricultural insecticide, pesticide and fungicide, which features three active ingredients and a zero REI.

10. Phyton's mark XEROTON-3 appears on its EPA approved label, which has blue and black coloring and features the XEROTON-3 mark with a large blue "X" (A true and correct copy of a photograph depicting Phyton's XEROTON-3 packaging is attached hereto as Exhibit C).

3

11. Phyton's advertising includes comparisons to other products, including Defendant's ZEROTOL fungicide on issues pertinent to commercial greenhouse growers, such as coverage of the product and photoxicity. (A true and correct copy of an example of such advertising is attached hereto as Exhibit D).

12. The principal market for the XEROTON-3 and ZEROTOL products are sophisticated commercial growers of agricultural products, particularly commercial greenhouses.

13. On or about June 26, 2008, Defendant's attorney sent a letter to Phyton (Exhibit A) asserting, among other things, that Plaintiff's use of the XEROTON-3 mark constituted trademark infringement, unfair competition, false advertising, trade dilution and attempts to counterfeit Defendant's mark ZEROTOL. The letter also asserted that Phyton's corporate officers may also be held liable for trademark infringement. Specifically it was alleged that:

> "Your adoption and/or use of the nearly identical XEROTON-3 trademark for a very similar product violates my client's rights and appears to constitute intentional misappropriation, trademark infringement, dilution, false advertising and unfair competition."

The letter also concludes "there is clear infringement" and further demanded that Phyton immediately stop using XEROTON-3 and that it destroy all advertising materials that use the mark.

14. On July 11, 2008, Phyton responded to Defendant's June 26, 2008 letter, rejecting Defendant's demands, but suggesting further communication to discuss the dispute. (A true and correct copy of the July 11, 2008 letter is attached as Exhibit E).

15. On August 18, 2008 Defendant commenced an opposition before the United States Trademark Trial and Appeal Board to Plaintiff's registration of XEROTON-3. (A true and correct copy of the August 18, 2008 Notice of Opposition is attached hereto as Exhibit F).

16. Among other things, the Notice of Opposition specifically references Phyton's advertising, which compares the features and effectiveness of XEROTON-3, ZEROTOL and another commercial fungicide. The Notice of Opposition alleges that Plaintiff's use of XEROTON-3 as a trademark creates a likelihood of confusion "of the trade and public" between Plaintiff's XEROTON-3 product and Defendant's ZEROTOL product. The Notice of Opposition further alleges that "Applicant has specifically targeted the trademark of Registrant, the markets of Registrant and the customers of Registrant."

## CAUSE OF ACTION FOR DECLARATION

17. Defendant incorporates the allegations of the previous paragraphs as though fully stated herein.

18. Defendant's conduct shows there is a substantial controversy between the parties regarding Plaintiff Phyton' use of the XEROTON-3 mark which has created adverse legal interests that are real and immediate.

19. By reason of Defendant's written correspondence and trademark opposition, Defendant has expressed an actual intention to sue Phyton for its use of the XEROTON-3 trademark and to hold Phyton liable for any such infringement and therefore an actual controversy exists among and between the parties to this action.

20. Resolution of this definite and concrete controversy requires a determination by the Court of whether Plaintiff Phyton's use of the XEROTON-3 mark violates Defendant's rights in mark ZEROTOL.

21. If a declaration is not granted, Plaintiff's rights will be adversely affected and Plaintiff may sustain significant losses.

22. Plaintiff has a valid interest in prompt resolution of this controversy in order to avoid the unnecessary and unwarranted expenditure of resources that will otherwise be caused by a prolonged dispute with Defendant, particularly if Phyton is subsequently determined not to be liable for Defendant's alleged actions or other wrong doing.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Phyton Corporation respectfully requests that this Court:

a. Declare that Phyton's use of the mark XEROTON-3 does not constitute trademark infringement, trademark dilution, trademark counterfeiting or trademark misappropriation, unfair competition, false advertising or any other actionable claim;

b. Declare that Phyton's use of the mark XEROTON-3 does not violate any rights of Defendant and that Phyton is not and can not be liable to Defendant for using the mark XEROTON-3 to identify its products;

c. Declare that Phyton's attempt to register the mark XEROTON-3 and use it to identify its fungicide does not subject its corporate officers to individual liability as claimed by Defendant.

d. Enter an appropriate order enjoining Defendant from commencing suit against Phyton for alleged trademark infringement, trademark dilution, trademark counterfeiting or misappropriation of Defendant's mark ZEROTOL or any alleged claims based on Phyton's use of the XEROTON-3 mark to identify its products; and

e. Award such other relief as may be deemed just and proper.

Dated: September 16, 2008

_____
Norman M. Abramson (#241982)
Lori L. Wiese-Parks (# 131647).
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 632-3000
Facsimile: (612) 632-4444

GP:2403982 v2